UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHYNETIA JOHNSON, PLAINTIFF, <br><br> V. <br><br> HARRIS COUNTY, WILLIAM NOWLIN, CONSTABLE MAY WALKER, SGT. J. MEEK, LT. M. GRANT, C. KRAUSE AND P. OVERSTREET, DEFENDANTS. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-cv-1016 <br> JURY DEMANDED |

## PLAINTIFF SHYNETIA JOHNSON'S FIRST AMENDED COMPLAINT

Plaintiff, Shynetia Johnson ("Plaintiff" or "Ms. Johnson"), files this first amended complaint against Defendants Harris County, William Nowlin, Constable May Walker, Sgt J. Meek, Lt. M. Grant, C. Krause, P. Overstreet and in support thereof show as follows: **I.**

### INTRODUCTION

1. On the morning of August 10, 2019, Ms. Johnson was returning home late after finishing her work shift.

2. Because she was tired after the long shift, Ms. Johnson went straight to her bed to get some rest. As she was sleeping, Ms. Johnson was suddenly awakened by a loud banging on her front door.

3. At first, Ms. Johnson thought nothing of the banging because she lives with her brother, and she assumed the knocking may have been for him.

4. However, Ms. Johnson was forced to get up as the banging continued on the door.

1

5. It was Precinct Seven officers at the door.

6. They were looking for a male in the home but did not have a warrant or other reason to be there.

7. They stated they were doing a welfare call. Ms. Johnson fully cooperated with the officers and the alleged call for a welfare check; however, skeptical she was of the need for the welfare check that was later determined to not be the case, she did not interfere, impede, or use more than words in relation to her interaction with the defendant officers.

### III. PARTIES

8. Plaintiff is an individual and resident of Harris County, Texas.

9. Defendant, Harris County, is a municipality located in Texas. It may be served with citation through the County Judge Lina Hidalgo located at 1001 Preston Street, Suite 911, Houston, Texas 77002.

10. Defendant, William Nowlin is an individual who may be served with a citation at his place of employment at 5290 Griggs Road Houston, TX 77021, or wherever he may be found. Defendant Nowlin is being sued in his individual capacity and at all times relevant to

this case acted under the color of law.

11. Defendant, J. Meek is an individual who may be served with a citation at his place of employment at 5290 Griggs Road Houston, TX 77021, or wherever he may be found. Meek is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

12. Defendant M. Grant is an individual who may be served with a citation at his place of employment at 5290 Griggs Road Houston, TX 77021, or wherever he may be found. Grant is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

2

13. Defendant Constable May Walker is an individual who may be served with a citation at his place of employment at 5290 Griggs Road Houston, TX 77021, or wherever he may be found. Walker is being sued in his individual capacity and at all times relevant to this case acted under the color of law.

## IV. JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiffs' federal claims, under 28 U.S.C.1331 and 2201, 42 U.S.C 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C.1367(a), to hear Plaintiffs' state law claims if any.

15. Venue is proper in this Court under 28 U.S.C.1391(b) because the incidents at issue took place in Harris County, Texas, within the United States Southern District of Texas. **V.**

## ADDITIONAL FACTS

16. When Ms. Johnson went downstairs and towards her front door, she heard someone on the other side of the door say, " come outside."

17. The officer then advised to open the door in an attempt to arrest her brother. 18. Ms. Johnson's brother then opens the door and steps outside and onto the front porch area, he begins speaking with the officers.

19. Ms. Johnson's brother began to comply with directives given by the deputies 20. Ms. Johnson, concerned that the situation did not escalate, grabbed her cell phone, and began recording the officers as they began to arrest her brother.

3

21. Ms. Johnson recorded the arrest, while still standing well over three feet inside of her home, and all activity was outside the threshold of the front door.

22. Ms. Johnson did not touch any of the officers or get close to the officers, who were outside of the front door of the home.

23. As Ms. Johnson continued recording the arrest of her brother, Nowlin, Grant and Meek wanted Ms. Johnson to stop recording and go away.

24. Ms. Johnson continued to record from a safe distance.

25. As Ms. Johnson continued to record the arrest of her brother, Nowlin, Grant and Meek approached her, violently grabbed her arm, and tightly squeezed her wrist in an attempt to make Ms. Johnson drop her phone.

26. When Ms. Johnson did not drop the phone, one of the officers then roughly twisted her arm behind her back, jumped on top of her and put Ms. Johnson in handcuffs and escorted

her to the back of a Constable cruiser.

27. Ms. Johnson was then transferred to the Harris County jail, where she spent the next twenty or more hours.

28. It was her first time ever going to jail.

29. Jail video footage captured her failing at intake after she passed out in the booking area.

30. Ms. Johnson was prosecuted for interference with public duties. 31. The case was dismissed on December 19, 2021.

## VI. CLAMS

42 U.S.C. § 1983 Fourth and Fourteenth Amendments

4

32. Plaintiff incorporates by reference all preceding paragraphs contained herein. 33. This suit is brought pursuant to 42 U.S.C. § 1983, which is entitled the Civil Rights Act. The critical language of the Civil Rights Act sets forth, in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Fourteenth and Fourth Amendments: Due Process, Unlawful Search, Seizure, and Detention.

34. Defendants Officers Meek, Nowlin and Grant acted under the color of law when they

unlawfully and forcefully arrested Plaintiff with deliberate indifference to her rights. 35. Defendants failed to accurately assess if the plaintiff had committed a crime, had a warrant for her arrest, or was in violation of any laws.

36. Defendants arrested plaintiff Johnson without probable cause, warrant or reason, resulting in an illegal seizure of Mrs. Johnson.

False Arrest (based on Malicious Prosecution) and False Arrest (based on False Imprisonment)

37. Ms. Johnson was falsely arrested and prosecuted Mr. Johnson maliciously based the false allegations made against her by May Walker's deputies, Defendants Meek, and Grant.

38. The prosecution continued against her from the date for her arrest until December when the charges were finally dropped against her and ended in her favor.

5

39. She was falsely imprisoned held in the Harris County jail for 1 day and release. There was no probable cause to arrest Ms. Johnson She was taken from her home and was arrested/

First Amendment Right to Record

40. Defendants Meek and Grant deprived Ms. Johnson of her first amendment right to record police activity by actively seeking to stop her from recording the arrest of her brother, although Ms. Johnson was recording from a safe distance, inside of her home and not in any way interfering with her brother's arrest.

Excessive Force

41. Defendants Meek and Grant violated Ms. Johnson's fourth amendment rights to be free

from the excessive force when they used excessive force to detain Ms. Johnson and fractured her wrist.

42. Defendants Nowlins, Meek and Grant grabbed Ms. Johnson's arm in a forceful manner and used force that was so excessive that she suffered an arm fracture.  43. Ms. Johnson was not a threat to Meek, Grant, or anyone else in the home. Defendants Meek and Grant were purportedly called to the home for a disturbance caused by a male (reportedly known to be Ms. Johnson's brother, Mr. LaBranch). Defendants already had Mr. LaBranch subdued when they went to attack Ms. Johnson.

44. Once the defendants were on the property Ms. Johnson was in her home and recording defendants apprehend her brother from a safe distance and never made any attempt to intervene or interfere with the actions that the officers were taking.

Bystander Liability and Civil Conspiracy

6

45. J. Meek, Lt. M. Grant, C. Krause, and P. Overstreet were all present when the excessive force and false arrest occured. Each had an opportunity it intervene but failed to intervene in to prevent the excessive force and false arrest of Ms. Johnson.

Monell Liability

46. Harris County Commissioners have full authority and control over Harris County's Precinct Seven Constable office and Constable May Walker in her official capacity. The customs, policies, and practices of Harris County, Precinct Seven Constable office and Constable May Walker encourage the above constitutional violations and is thereby the moving force behind the type of misconduct at issue by failing to adequately train, supervise,

control, and discipline its officers, including both officers J. Meek, Lt. M. Grant, C. Krause, P. Overstreet, such that its failure to do so manifests deliberate indifference by such officers. As a matter of custom, policy, and practice, Harris County Constable Precinct Seven facilitates the very type of misconduct at issue by failing to adequately investigate, punish, train, and discipline prior instances of similar misconduct, thereby leading the officers to believe their actions will never be meaningfully scrutinized.

47. Precinct Seven Constable office and Constable May Walker's action and inaction otherwise referenced in this pleading, related to damages suffered by Ms. Johnson, and Harris County Constable Precinct Seven policies, practices, and/or customs, were moving forces behind, resulted in, were producing causes of, and were proximate causes of the referenced constitutional violations and damages suffered by Ms. Johnson as a result.

48. Ms. Johnson's interaction with officers Meek and Grant who wrongfully arrested her and caused Ms. Johnson injuries as well as violated her constitutionally protected rights. As

7

such, Harris County and Constable May Walker ratified actions as their own policies, practices, customs, and procedures.

49. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of Harris County Precinct Seven Constable office violate the constitutional rights of individuals in a manner like that alleged by Ms. Johnson, on a regular basis, yet Harris County investigates officer misconduct and makes findings of wrongdoing in a disproportionately small number of cases.

50. Due to Harris County's policies and practices, and the unjustified and unreasonable

conduct of the Defendants, officer Doe 1 and 2, Ms. Johnson has suffered the injury. 51. The misconduct by the defendants described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of others. In addition, the misconduct described in the complaint "shocks the conscience."

42 U.S.C. § 1983 Failure to Train or Supervise

52. Plaintiffs incorporate by reference all paragraphs contained herein. 53. Ms. Johnson had an inalienable and fundamental liberty interest protected by the Constitution.

54. Defendant, May Walker violated Ms. Johnson's constitutional rights, by failing to train or supervise Defendant's Grant and Meek and upheld their actions after they violated Ms. Johnson's constitutional rights.

55. Defendants Grant and Meek arrested Ms. Johnson for exercising her right to record an officer encounter while in her home.

8

56. The fact that the defendants arrested Ms. Johnson for recording the arrest of her brother from the safety of her home, while her brother and the arresting officers were outside of the home demonstrates that the officers were not properly trained.

57. Defendant Harris County and May Walker failed to train and supervise Defendant's Grant and Meek by not training them on the rights that the public enjoys, especially when it relates to entering a private residence and the first amendment right to record an encounter with law enforcement.

58. In addition, Defendant, May Walker failed to train her officers on determining probable

cause relating to interference of public duties or even reasonable suspension. 59. At no time to any officer on the scene indicate that they were adequately trained to determine when a citizen should not be arrested. Namely for recording in her home. In additions at no time to any officer on the scene indicate that they were adequately trained to determine when a citizen should not be arrested for interference with public duties when the interference was nothing more than mere words.

60. Additional training or supervision would have prevented the damages, violation of rights and injury suffered by Shynetia Johnson.

## VII. DAMAGES

61. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of her causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

    a. Physical pain and suffering mental anguish;
    b. Out-of-pocket economic losses, attorney fees.

9

    c. other expenses related to arrest and/or prosecution of Ms. Johnson; and d. exemplary/punitive damages.
    e. Plaintiff's reasonable and necessary attorneys' fees pursuant to 42 Sec. 1983;
    f. Costs of court;
    g. Pre-judgment and post-judgment interest at the highest rates allowable by law;
    h. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

62. The damages sustained by Plaintiff were approximately caused by the Defendants as set forth herein.

63. Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

64. There are certain elements of damages provided by law that Plaintiff is entitled to 65. have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## VIII. TOLLING

66. Plaintiff asserts tolling provisions apply, including but not limited to the discovery rule. All deadlines and statutes of limitation, for all purposes, are suspended and tolled through May 1, and on April 1, the period of statute of limitations tolling in Texas was extended on to June 1, for a total of 79 days, tolling related to everyday that the defendants were not amenable to suit service while they were out, of the state of Texas, tolling based on unsound mind, and at the federal court's discretion. Under Texas law the defendant have the burden of proof to negate all tolling provisions.

10

## IX. ATTORNEYS FEES

67. After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs to enforce her constitutional rights under 42 U.S.C. §§ 1983 and 1988 from Defendants.

## X. PRAYER

68. Plaintiff prays that she has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court and for all other relief, legal and equitable, to which she is entitled. Respectfully Submitted,

The Lewis Law Group PLLC. By: /s/ U.A. Lewis

U.A. Lewis
State Bar No. 24076511
P. O. Box 27353
Houston, TX 77227
Email: myattorneyatlaw@ gmail.com
Attorney-in-charge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to each counsel of record through acceptable means on this May 4, 2022.

/s/ U.A. Lewis

U.A. Lewis

11