UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 22, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Shynetia Johnson, § § § § § § § § § § § § § Plaintiff, versus Harris County, William Nowlin, Constable May Walker, Sgt. J. Meek, Lt. M. Grant, C. Krause, and P. Overstreet, Defendants. | Civil Action H-22-1016 |

## Opinion and Order on Dismissal

1. *Background.*

On August 10, 2019, Shynetia Johnson was arrested in Harris County, Texas, when police officers came to her home. She was released from custody on August 10, 2019, and given a general order bond to appear six days later.

She sued:

(a) Harris County,
(b) William Nowlin,
(c) Constable May Walker,
(d) P. Overstreet,
(e) Sgt. J. Meek,
(f) Lt. M. Grant, and
(g) C. Krause.

Without distinguishing what claims she brought against which parties, Johnson sued them for:

(a) violating 42 U.S.C. § 1983;
(b) violating the First, Fourth, and Fourteenth Amendments of the U.S. Constitution;
(c) false arrest based on malicious prosecution and false imprisonment;
(d) bystander liability and civil conspiracy; and
(e) Monell liability.

Harris County, Nowlin, Walker, Meek, Grant, Krause, and Overstreet moved to dismiss Johnson's claims. They will prevail.

2. *Statute of Limitations.*

The statute of limitations in this case is two years.[1] Johnson's claims accrued once she was aware of the injury, which was on August 10, 2019

The limitations period ended on August 10, 2021. Johnson filed this lawsuit on December 13, 2021, in a Texas court, after the Texas limitations period expired.

Johnson argues that the statute of limitations is tolled by the Texas Civil Practice & Remedies Code section 16.063, which tolls the limitations period for each day the defendant is absent from the state. A defendant is present – or not absent – if he is subject to personal jurisdiction in Texas.[2]

Harris County is in Texas, and Nowlin, Walker, Meek, Grant, Krause, and Overstreet are Texas residents, so personal jurisdiction exists over all parties. Section 16.063 does not toll the statute of limitations.

Johnson claims that the statute of limitations is also tolled because "the period of statute of limitations tolling in Texas was extended on to June 1, for a total of 79 days . . . ." She also says that the statute of limitations is tolled "based on unsound mind." Johnson supplies no facts or anything of actual substance beyond baseless and vague legal conclusions to support her claims that the statute of limitations was tolled.

4. *Late Response.*

On July 1, 2022, Meek moved to dismiss the claims against him. Johnson had until July 15, 2022, to respond per the court's order. She did not respond until July 20, 2022.

---

[1] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

[2] *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009).

Johnson says that her Fourth Amendment claims based on false arrest resemble a claim for malicious prosecution, so the statute of limitations did not begin to run until her criminal case was dismissed on December 12, 2019.[3]

Johnson has not pleaded facts that she was unreasonably detained or that the criminal action began without probable cause. Instead, she has pleaded that she was falsely imprisoned, so her action accrued when she was arrested on August 10, 2019. Johnson sued on December 13, 2021, after the statute of limitations expired for her Fourth Amendment claims.

3. *Conclusion.*

The statute of limitations has expired and was not tolled. Shynetia Johnson's claims against Harris County, William Nowlin, Constable May Walker, Sgt. J. Meek, Lt. M. Grant, C. Krause, and P. Overstreet are barred. This case is dismissed. (20) (21) (22) (37) (43)

Signed on July 21, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] *Manuel v. City of Joliet*, 137 S.Ct. 911 (2017).